Hamilton County Court of Common Pleas.

106215. THE JONES & HILL COMPANY, vs. JOHN MCQUEETY, Sr.

---

1. The surety of a bond is not liable unless the nature of the default of his principal comes strictly within the terms of his undertaking.
2. The undertaking, although general in its terms, is limited in its effect by recitals in the bond descriptive of the subject matter with respect to which the bond is given.
3. The bond recited that M. & Co., had been appointed by J. & H. Co., a corporation, as their sole agents at Cincinnati for the sale of their merchandise; and was conditioned that if M. & Co., should account to J. & .H. Co., for all money due to it from them, then the obligation would be void.

Held: That the surety on the bond was not liable for money due the J. & H. Co. for goods sold M. and Co. by it.

---

HOLLISTER J.

The plaintiff alleges that it entered into an agreement with Fred B. McQueety & Co., "by which plaintiff agreed to sell to said firm the several chewing gums manufactured by plainitff, and to make said Fred B. McQueety & Co., their sole agents for the sale in Cincinnati, Ohio, and to give them the exclusive sale in said territory of the several gums manufactured by plaintiff;" that in consideration of the agreement, the defendant executed a bond in the sum of $250, upon the condition that—

"Whereas, the said Fred B. McQueety & Co., have been appointed by said Jones & Hill Co. as their sole agents for the sale of their several chewing gums in Cincinnati, Ohio;

"Now, if the said Fred B. McQueety & Co. shall well and truly account to said.

Jones & Hill Co., then this obligation shall be void and of no effect; otherwise to be and remain in full force," etc.

Plaintiff alleges further that it "sold and shipped to said firm," certain quantities of gum, amounting in value to the sum of $766, and "that Fred B. McQueety & Co. have failed to account to the plaintiff for the money so due," and that thereby the condition of the bond has been broken, and that by virtue thereof there has become due to the plaintiff from the defendant the sum of $250, on the bond.

Defendant demurs.

The question is whether or not, under the facts stated and the terms of the bond, the plaintiff is entitled to recover.

Given the acts of the parties to the agreement and the terms of the bond, the latter furnish the test by which the liability of the surety is to be determined   The surety can only be bound in strict accordance with the terms of his undertaking. Hall vs. Williamson, 9 Ohio St., 17; Railway Co. vs. Burke, 35 Bull., 14, 169.

Examining the bond for the purpose of ascertaining what the actual undertaking is, we have first, the recital that McQueety & Co. have been appointed the sole agents of Jones & Hill Co. for the sale of their peculiar merchandise; and second, that if McQueety & Co. shall account for all money due Jones & Hill Co., the obligation was to be void.

The general rule is laid down in 20 Am. & Eng. Ency., 461, that: " A recital in an instrument of a material fact is binding and conclusive upon the party reciting it, and all claiming under him as parties in blood, in estate or in law," and the rule is abundantly supported by the authorities cited; and see Parsons on Contract, star page 715; and this rule has had frequent application in the determination of questions similar to that under consideration.

The Supreme Court of the United States, in Bell vs. Bruen, 1 How., 169, 183, say: "The general rule is well settled in controversies arising on the construction of bonds, with conditions for the performance of duties, preceded by recitals, that where the undertaking is general it shall be restrained, and its obligatory force limited with the recitals." And see the leading case of Lord Arlington vs. Merricke, 2 Saunders, 403, cited in the case just referred to, and in Hall vs. Williamson, supra.

Applying the rule to the bond in question, it is clear that the surety can only be held for money due the plaintiff which came into Fred B. McQueety & Co's hands as agents for the sale of the plaintiff's wares.

Considering the words used in their common sense, and giving to them the effect which would ordinarily be intended by their use, there can be but little doubt that there was a case of agency limited in its nature to the sale of certain articles, for the proceeds of which the agent must account to the principal in the usual way. It was a special agency for a particular purpose, but an agency nevertheless with the attendant liabilities of the agent.

When, therefore, the agent sold his principal's goods and failed to account, there would then be money due from him to his principal, and on failure to account, the surety must respond to the extent of the bond.

In this case, however, the plaintiff alleges that it sold the goods to its agent, and thereby it must have made the party named as agent its debtor.

Not because such party must account to the principal for all money coming into his hands as agent, but because it had sold the party goods and had made him a debtor ipso facto. It is true that McQueety & Co. could at the same time have been agents for the sale of the plaintiffs' goods, and also have been a purchaser; but they could not sustain both relations with respect to the same goods. That would be an anomaly in the law. Now, the bond is effective only as to money due from McQueety & Co. as agents, as shown, and could have no force as to any other money due to the plaintiffs by virtue of any other relation McQueety & Co. may have sustained to it, and this conclusion is based on eminent authority.

In Napier v. Bruce, 8 Clark & Finn, 470, it was held "that moneys received by an agent on account of his employers during the time of his agency, but not in pursuance of the particular agency disclosed to the surety by the specified conditions in the bond, were not covered by the surety's obligation that during the whole time the said J. D. B. (the agent) shall continue to act as agent aforesaid in consequence of the above recited agreement, he shall well and truly account for and pay to us (the employers) all sums of money received by him on or accont." See, also, Lord Arlington vs. Merricke, as reported in 2 Williams' Saunders, 813, and 3 Saunders, 404; Donley vs. Bank, 40 Ohio St., 47; State vs. Medary, 17 Ohio, 554, 564; Secrist vs. Barbee, 17 Ohio St., 425, 431; Railway vs. Whinray, 10 Exch., 77; Carkin vs. Savory, 80 Mass., 528; Stibbs vs. Clough, 1 Strange, 227; Wilson v. Edwards, 6 Lansing, 134.

The contention is made on behalf of the plaintiff that the allegations of the petition and the language of the bond show that McQueety & Co. were agents in the sense that they had the exclusive sale in Cincinnati of the plaintiff' goods, which they bought and held on their own account. But even if the petition and the bond could be susceptible of that construction, there would be no agency at all. McQueety & Co.'s place of business would be a mere depository or depot where the plaintiff's goods could be found.

The demurrer is sustained.

W. A. Hicks and Phillip Roettinger for plaintiff; Barton & Dorger, for the demurrer.